22-181-cr
United States v. Orr

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of April, two thousand twenty-four.

PRESENT:  RAYMOND J. LOHIER, JR.,
      ALISON J. NATHAN,
      SARAH A. L. MERRIAM,
       *Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

     *Appellee*,

   v.                No. 22-181-cr

TEVON ORR, AKA TEV,

     *Defendant-Appellant*.

------------------------------------------------------------------

FOR APPELLANT:                          MARK A. FOTI, The Foti Law
                                        Firm, P.C., Rochester, NY

FOR APPELLEE:                           MONICA JEANETTE RICHARDS,
                                        Assistant United States
                                        Attorney, *for* Trini E. Ross,
                                        United States Attorney for the
                                        Western District of New
                                        York, Buffalo, NY

Appeal from a judgment of the United States District Court for the Western District of New York (David G. Larimer, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Defendant-Appellant Tevon Orr appeals from a January 14, 2022 judgment of the United States District Court for the Western District of New York (Larimer, *J.*), convicting him, following a guilty plea pursuant to a plea agreement, of one count of conspiring to deal in firearms in violation of 18 U.S.C. §§ 371, 922(a)(1)(A) and 924(a)(1)(D), and one count of being a felon in possession of firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).   The District Court sentenced Orr principally to 108 months' imprisonment.   On appeal, Orr challenges his above-Guidelines sentence as procedurally and substantively unreasonable.   We assume the parties' familiarity with the underlying facts and

the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

"A district court commits procedural error where it makes a mistake in its Guidelines calculation . . . or rests its sentence on a clearly erroneous finding of fact." *United States v. Wernick*, 691 F.3d 108, 113 (2d Cir. 2012) (quotation marks omitted). We review the District Court's sentencing judgment for procedural unreasonableness "under a deferential abuse-of-discretion standard." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quotation marks omitted).

At sentencing, the District Court calculated a base offense level of 20 after applying § 2K2.1(a)(4)(B) of the United States Sentencing Guidelines (the "Guidelines" or "U.S.S.G.") because it found that Orr's offense involved a semiautomatic firearm capable of accepting a large capacity magazine.[1] Application Note 2 for § 2K2.1(a)(4)(B) provides as follows:

> [A] "semiautomatic firearm that is capable of accepting a large capacity magazine" means a semiautomatic firearm that has the ability to fire many

---

[1] The District Court calculated a total offense level of 25 by (1) applying a four-level increase because of the number of firearms involved in Orr's offense, (2) applying another four-level increase because Orr engaged in firearms trafficking, and then (3) decreasing the offense level by three levels to reflect Orr's timely acceptance of responsibility.

3

rounds without reloading because at the time of the offense (A) the firearm had attached to it a magazine or similar device that could accept more than 15 rounds of ammunition; or (B) a magazine or similar device that could accept more than 15 rounds of ammunition was in close proximity to the firearm.

U.S.S.G. § 2K2.1 cmt. n.2. Orr argues that it was clear error for the District Court to find that any of the firearms involved in his offense qualified as a "semiautomatic firearm that is capable of accepting a large capacity magazine" within the meaning of § 2K2.1(a)(4)(B) and Application Note 2.

"[T]he standard of proof at sentencing is a preponderance of the evidence." *United States v. Gaskin*, 364 F.3d 438, 464 (2d Cir. 2004). On appeal, however, Orr bears a "heavy burden in challenging the district court's factual findings," *United States v. Beverly*, 5 F.3d 633, 642 (2d Cir. 1993), which we review "deferentially for clear error," *Gaskin*, 364 F.3d at 464. "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *United States v. Murphy*, 703 F.3d 182, 188 (2d Cir. 2012) (quotation marks omitted).

In finding that at least one of the firearms was capable of accepting a large

4

capacity magazine, the District Court relied on its review of photographs (contained in the criminal complaint) of multiple firearms involved in Orr's gun-trafficking conspiracy as well as the Presentence Investigation Report ("PSR"). In reviewing the photographs, for example, the District Court asserted that the depicted firearms "appeared" to have the ability to accept large capacity magazines. App'x 120. The PSR, on which the District Court relied to support its finding about the firearms depicted in the photographs, also specifically confirms that one of the firearms involved in Orr's offense was an "AK-47-style rifle . . . equipped with a 30 round magazine" found at a residence frequented by Orr's co-conspirators. PSR ¶ 42(c). Finally, additional evidence in the record supports application of § 2K2.1(a)(4)(B), such as the Probation Officer's assertion at sentencing that the case agent from the Bureau of Alcohol, Tobacco, Firearms, & Explosives investigating Orr's case verified that some of the firearms involved in Orr's offense had "large capacity magazines." App'x 121.

We conclude that the District Court's finding that at least one of the firearms involved in Orr's offense had a large capacity magazine was not clearly erroneous, and that it was therefore proper for it to apply the large capacity magazine enhancement. *See* U.S.S.G. § 2K2.1 cmt. n.2. As a result, the District

5

Court also did not err in declining to rule on the parties' dispute about Orr's prior state conviction, given that Orr's base offense level would have been at least 20 regardless of whether his prior state conviction was a controlled substance offense. *See* Fed. R. Crim. P. 32(i)(3)(B). We therefore reject Orr's procedural reasonableness challenge.

Nor are we persuaded that Orr's above-Guidelines sentence was substantively unreasonable. "Substantive reasonableness focuses on a district court's explanation of its sentence in light of the factors contained in 18 U.S.C. § 3553(a)." *United States v. Matta*, 777 F.3d 116, 124 (2d Cir. 2015) (quotation marks omitted). "In examining the substantive reasonableness of a sentence, we review the length of the sentence imposed to determine whether it cannot be located within the range of permissible decisions." *Id.* (quotation marks omitted). "[A] district court must support its decision to deviate from the Guidelines with a justification that is sufficiently compelling to support the degree of the variance." *United States v. Davis*, 82 F.4th 190, 202 (2d Cir. 2023) (quotation marks omitted).

Here, the District Court adequately explained its sentence by reference to the factors listed in § 3553(a) and the significant danger Orr's offense posed to

6

the community.   It also discussed other factors such as the need for deterrence, Orr's prior criminal history, and potential mitigating factors such as Orr's role as an intermediary.   "The particular weight to be afforded aggravating and mitigating factors is a matter firmly committed to the discretion of the sentencing judge, with appellate courts seeking to ensure only that a factor can bear the weight assigned to it under the totality of circumstances in the case."   *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (cleaned up).   On this record we cannot say that the sentence the District Court imposed exceeds the "range of permissible decisions."   *Matta*, 777 F.3d at 124 (quotation marks omitted).

We have considered Orr's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7